# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

The Crystal Import Corporation, an Alabama
corporation, and Datamars SA, a Swiss
corporation,

|  |  |
|---|---|
| Plaintiffs, | Civ. No. 08-2514 (RHK/JJG) |
|  | **MEMORANDUM OPINION** |
|  | **AND ORDER** |
| v. |  |

AVID Identification Systems, Inc.,
a California corporation,

Defendant.

---

Thomas F. Pursell, Mark R. Privratsky, Lindquist & Vennum PLLP, Minneapolis,
Minnesota, Amy Crafts, Gina Lombardo, Steven M. Bauer, Proskauer Rose LLP, Boston,
Massachusetts, for Plaintiffs.

John W. Thornburgh, Juanita R. Brooks, Michael A. Amon, Roger A. Denning, Fish &
Richardson PC, San Diego, California, Thomas S. McClenahan, Joshua H. Bleet, Fish &
Richardson PC, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

This action arises out of the antitrust claims of The Crystal Import Corporation

and Datamars SA.[1]  Crystal alleges that Defendant, AVID Identification Systems,

Incorporated ("AVID"), attempted to enforce a patent obtained through its intentional,

fraudulent, and material misrepresentations made to the U.S. Patent and Trademark

Office ("PTO") in violation of the Sherman Act, 15 U.S.C. § 2.  AVID now moves to

---

[1] Hereinafter referred to jointly as "Crystal."

dismiss the instant action on the ground of res judicata.  For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

The following facts are not in dispute.  Crystal and AVID are competitors in the companion animal radio frequency identification ("RFID") market.  RFID chips and readers are used to identify and assist in the recovery of lost companion animals.  AVID manufactures RFID products that utilize a different radio frequency than the products manufactured by Crystal, which are produced based on the ISO-compliant standard more commonly used in Europe.  Since 2004, Crystal and AVID have engaged in a protracted legal battle involving three separate lawsuits.  In order to understand the merits of the instant Motion, the procedural history of these lawsuits is outlined below.

In May 2004, AVID filed a patent-infringement lawsuit against Crystal and four other defendants in the United States District Court for the Eastern District of Texas (the "Texas Action").  In May 2006, AVID obtained a favorable jury verdict on its infringement claims.  However, in September 2007, the district court ruled that AVID obtained one of the three patents-in-suit through inequitable conduct by intentionally withholding material information from the PTO and invalidated that patent.

In December 2004, prior to the jury verdict in the Texas Action, Crystal filed suit against AVID and Digital Angel Corporation ("Digital Angel") alleging several antitrust violations (the "First Antitrust Action").  The case was filed in the United States District Court for the Northern District of Alabama and later transferred to this district.  In this lawsuit, which is ongoing, Crystal claims that AVID engaged in several illegal business

practices intended to exclude Crystal from the RFID market.[2]  Such alleged business practices include, but are not limited to, AVID's encryption of its RFID chips, AVID's publication of false and misleading statements, and AVID's agreement with Digital Angel to cross-license its technology in exchange for Digital Angel's promise not to sell ISO-compliant standard RFID products of the type Crystal manufactures.  Crystal claims such actions are tortious and violative of the Sherman Act, the Clayton Act, and the Lanham Act.

In October 2006, AVID and Digital Angel moved to stay the First Antitrust Action pending resolution of the Texas Action and an additional patent-infringement lawsuit between Digital Angel and Crystal.  AVID and Digital Angel argued that a stay in the First Antitrust Action was necessary because Crystal's antitrust claims were based in substantial part on the resolution of the patent-infringement lawsuits.  Magistrate Judge Susan Richard Nelson recommended the denial of the Motion to Stay, finding that the antitrust claims were separate and distinct from the patent-infringement claims.  This recommendation was conditioned on Crystal's deletion of all patent references in its First Amended Complaint.  Crystal complied with this condition, voluntarily filing a Second Amended Complaint in January 2007.  Magistrate Judge Nelson's recommendation was not objected to and was thereafter adopted by District Judge David S. Doty.

After the inequitable-conduct finding in the Texas Action, Crystal moved to amend its Second Amended Complaint in the First Antitrust Action to add a Walker

---

[2] Crystal's claims against Digital Angel were dismissed with prejudice after a settlement was reached.

Process claim[3] pursuant to Section 2 of the Sherman Act, alleging that AVID wrongfully attempted to enforce a patent obtained through its intentional, fraudulent, and material misrepresentations to the PTO.  This Motion to Amend was filed in December 2007, six months after the established date in the scheduling order for filing motions to amend the pleadings.  Despite the missed deadline, Magistrate Judge Nelson granted the Motion.

AVID filed a timely objection to the Order granting the Motion to Amend.  Judge Doty sustained AVID's objection, denying Crystal's Motion to Amend.  The Court noted that Crystal was aware of the factual basis supporting the Walker Process claim prior to the scheduling order deadline, as Crystal asserted inequitable conduct through fraud on the PTO as an affirmative defense and as a counterclaim in the Texas Action.  Judge Doty stated that while "inequitable conduct is not coterminous with Walker Process fraud . . . the conduct establishing each arises out of AVID's procurement of the disputed patents.  Thus, Crystal Import knew about the alleged conduct giving rise to a Walker Process claim at the latest in November 2005."  (Doc. No. 201 at 5.)  Thus, the Court held that Crystal was not diligent in its adherence to the scheduling order and therefore could not show good cause to amend.

In June 2008, Crystal filed the present action (the "Second Antitrust Action"), reasserting the Walker Process claim that was the subject of the denied Motion to Amend

---

[3] Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1965).  In this case, the Supreme Court held that "the enforcement of a patent procured by fraud on the Patent Office may be violative of § 2 of the Sherman Act provided the other elements necessary to a § 2 case are present."  Id. at 174.

in the First Antitrust Action.  AVID alleges that the Second Antitrust Action is barred by res judicata and moves to dismiss.

## STANDARD OF DECISION

The recent Supreme Court case of <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955 (2007), sets forth the standard to be applied when evaluating a motion to dismiss under Rule 12(b)(6).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974.  Stated differently, a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1964-65 (citation omitted).  Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." <u>Id.</u> at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge[] the[] claims across the line from conceivable to plausible." <u>Id.</u> at 1974.

When reviewing a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. <u>Id.</u> at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  <u>Id.</u>  Accordingly, a well-pleaded complaint can survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" <u>Id.</u> at 1965 (citation omitted).

**ANALYSIS**

AVID asserts that the denial of Crystal's Motion to Amend in the First Antitrust Action is res judicata as to the instant action. "'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'"  Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)). Thus, the relitigation of a claim is barred by res judicata if three requirements are met: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases."  Lane, 899 F.2d at 742 (citation omitted).  Only the second and third requirements are at issue in this case.

**I.      The denial of leave to amend was a final judgment on the merits.**

Crystal contends that the denial of its Motion to Amend in the First Antitrust Action was not a final judgment on the merits.  (Mem. in Opp'n at 8-13.)  The Court disagrees.

It is well established that "[t]he denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." Prof'l Mgmt. Assocs., Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003) (citation omitted).  Such a denial "constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading . . . even when denial of leave to amend is based on reasons other than the merits, such as timeliness."  Id. (internal quotations and citation omitted).  Crystal moved to amend its Second Amended Complaint in the First

Antitrust Action to add a <u>Walker Process</u> claim and Judge Doty denied that Motion.

Thus, the denial of the Motion to Amend in the First Antitrust Action was a final

judgment and on the merits.[4]

## II.    The First and Second Antitrust Actions are the same "cause of action."

Crystal further asserts that the instant action is not barred by res judicata because

the <u>Walker Process</u> claim is a separate cause of action from the First Antitrust Action.

(Mem. in Opp'n at 13-16.)[5]  The Court disagrees.

The exact boundaries of a cause of action "cannot be stated with mathematical

precision."  <u>Poe v. John Deere Co.</u>, 695 F.2d 1103, 1106 (8th Cir. 1982).  Nevertheless,

the Eighth Circuit has stated that "two causes of action are the same for res judicata

purposes" if the second claim "arises out of the same nucleus of operative facts as the

prior claim."  <u>Lane</u>, 899 F.2d at 742 (citations omitted).  In determining whether two

lawsuits arise out of the same nucleus of operative facts, the Eighth Circuit analyzes

whether the facts underlying each lawsuit concern the same "'transaction, or series of

connected transactions.'"  <u>Poe</u>, 695 F.2d at 1106 (quoting Restatement (Second) of

---

[4] Crystal attempts to distinguish <u>Professional Management</u> from the present action.  (Mem. in Opp'n at 10-11.)  It argues that in <u>Professional Management</u>, "the denial of plaintiff's motion to amend *followed* the dismissal of the earlier action, which was a final judgment on the merits.  In contrast, a final judgment on the merits has yet to be rendered in the *First Antitrust Action*."  (<u>Id.</u>)  However, this point of distinction is irrelevant, as <u>Professional Management</u> is unambiguous in its holding that the denial of a motion to amend "is a final judgment on the merits."  345 F.3d at 1032.  In addition, during oral argument, Crystal argued that the Court should rely on <u>Kulinski v. Medtronic Bio-Medicus, Inc.</u>, to find that the denial of a motion to amend is not a final judgment on the merits.  112 F.3d 368, 373 (8th Cir. 1997).  However, <u>Kulinski</u> does not help Crystal because the denial of the motion to amend in that decision was rendered by a court lacking subject-matter jurisdiction.  <u>Id.</u> at 370.  Implicitly therefore, all decisions of the court were then invalidated.

[5] Crystal does not dispute that the parties involved in the First Antitrust Action and the Second Antitrust Action are the same.

Judgments § 24(1) (1982)).  What comprises a transaction, or series of connected transactions, is "'determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"  Id. (quoting Restatement (Second) of Judgments § 24(2) (1982)).

In this case, it is clear that the First and Second Antitrust Actions involve the same cause of action for res judicata purposes.  The claims in each arise out of the same nucleus of operative facts − namely, AVID's alleged anticompetitive behavior done with the purpose of excluding Crystal from the RFID market.  The Walker Process claim is just one segment of a "series of connected transactions" stemming from AVID's alleged campaign to maintain monopoly power in the RFID market.

Crystal argues that the First and Second Antitrust Actions are not the same cause of action because "not only are there different factual scenarios that lead to antitrust liability, [but] both complaints allege different anticompetitive conduct."  (Mem. in Opp'n at 15.)  However, "res judicata contemplates that there may be some variance in the proof required for claims that are nonetheless the same claim."  Lane, 899 F.2d at 743 (internal quotations omitted).  Therefore, while the Walker Process claim centers upon a different segment of AVID's alleged anticompetitive conduct, the fact that additional evidence would be required to establish Walker Process liability is not dispositive on the issue of res judicata.

In this case, both antitrust actions "'are related in time, space, origin, [and] motivation.'"  Poe, 695 F.2d at 1106 (quoting Restatement (Second) of Judgments § 24(2) (1982)).  The claims in the First and Second Antitrust Actions share the same factual predicate; both require the establishment of the relevant RFID product market in the United States, AVID's wrongful intent to monopolize and exclude, AVID's dominant market position, and Crystal's damages demonstrated through evidence of diminished ability to compete in the RFID market.  Moreover, the First and Second Antitrust actions involve the same relevant time period.

Not only are the First and Second Antitrust Actions related in "'time, space, origin [and] motivation,'" but they would "'form a convenient trial unit'" and such unification would conform "'to the parties' expectations or business understanding or usage.'"  Id. (quoting Restatement (Second) of Judgments § 24(2) (1982)).  Crystal has already acknowledged this by attempting to add the Walker Process claim in the First Antitrust Action.  As noted above, the First and Second Antitrust Actions require proof of many of the same facts, and each seeks to address the same wrong: AVID's alleged anticompetitive behavior done with the intent to exclude Crystal from the RFID market and maintain monopoly power.

That the Second Antitrust Action involves a different legal claim than the First Antitrust Action is inapposite for two reasons.  First, Crystal moved to amend its Second Amended Complaint in the First Antitrust Action to include a Walker Process claim and Judge Doty denied the Motion; as discussed above, Judge Doty's ruling is a judgment on the merits as to Crystal's Walker Process claim.  See Prof'l Mgmt., 345 F.3d at 1032.

Second, even if Crystal had not attempted to amend its Second Amended Complaint in the First Antitrust Action, the Eighth Circuit adheres to the principle "that res judicata bars all claims that could have been advanced in support of a previously adjudicated cause of action." Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826-27 (8th Cir. 1989) (citation omitted). Accordingly, for purposes of res judicata, the Court determines that the Second Antitrust Action alleges the same claim for relief as that alleged in the First Antitrust Action.

**III.  The Walker Process claim was ripe prior to the finding of inequitable conduct in the Texas Action.**

Crystal finally argues that res judicata does not apply in this case because the Walker Process claim did not ripen until after the finding of inequitable conduct in the Texas Action. (Mem. in Opp'n at 16-18.) The Court disagrees.

Crystal is correct that the doctrine of res judicata "does not apply to claims that did not exist when the first suit was filed." Lundquist, 238 F.3d at 977. In making this argument in the present action, Crystal relies on Lawlor v. National Screen Service Corp., which holds that a prior suit "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." 349 U.S. 322, 328 (1955). However, Crystal has not established that the Walker Process claim did not exist prior to the finding of inequitable conduct in the Texas Action. Indeed, the factual predicate behind the Walker Process claim (AVID's intentional fraud on the PTO to obtain a patent) was asserted by Crystal both as a counterclaim and as an affirmative defense in the Texas Action, which eventually led to

the finding of inequitable conduct. "Unlike in <u>Lawlor</u>, [Crystal] fails to allege additional facts not in existence at the time [the First Antitrust Action] was filed." <u>Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers</u>, 390 F.3d 1049, 1053 (8th Cir. 2005). As the conduct establishing the <u>Walker Process</u> claim was known to Crystal when the First Antitrust Action was filed, such a claim was ripe and actionable at that time.

Because the <u>Walker Process</u> claim for relief stems from the same nucleus of operative facts as the First Antitrust Action, Crystal lost the ability to pursue the claim when it was not included in the First Antitrust Action in a timely manner. The doctrine of res judicata has "the salutary effects of protecting adversaries from the expense and vexation of multiple lawsuits, conserving the limited time of judges, and fostering reliance on decisions of courts." <u>Poe</u>, 695 F.2d at 1107-08. Thus, Crystal cannot now assert its <u>Walker Process</u> claim in a separate action to avoid the consequences of its dilatoriness. Because all the requirements of res judicata are met, the doctrine bars the instant action and Crystal's Complaint will be dismissed.

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 26) is **GRANTED** and Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 20, 2008

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge